## Bulkley, assignee of the sheriff of Otsego, *against* Colton, survivor of Colton.

*Henry* moved for a rule to stay proceedings in the bail-bond suit. He read an affidavit, stating, that the defendant and·*Jonathan Colton*, now deceased, executed a bail-bond to the sheriff of *Otsego*, in 1804; that *Jonathan Colton* died in 1805; that the present defendant is sued on the bail-bond as survivor, and that the writ issued against him is returnable in this term.

*Starr*, contra, read an affidavit, by which it appeared, that the *capias ad respondendum* in the original action, was returnable in *November* term, 1804; that due diligence had since been used to have the writ on the bail-bond served; that the death of *Jonathan Colton* was not known until a short time before issuing the last writ; that a declaration in the original suit, had been long since filed *de bene esse.* He cited *Cowper,* 71. *Barnes,* 112.

*A bail-bond was executed in 1804, and the capias against the principal was returnable in November term, 1804. In 1805, the principal died, and the bail to the sheriff was afterwards sued and the writ returnable in this term; the court ordered the proceedings to stay on payment of costs, saying, that bail to the sheriff will be relieved in all cases on the return of the writ against them.*

ALBANY,
August, 1806.

Bindon
v.
Robinson.

*Per Curiam.* It is not the practice of the *English* courts to relieve the bail in a case like the present; but the practice of this court has been to relieve the bail to the sheriff, in all cases, upon the return of the writ against them; (*Coleman,* 57.) the cases cited do not apply here. We see no reason why the bail should not be relieved after the death of the principal, in the same manner as if he were still alive. As this point has not been before settled, and the *English* practice is different, let all the proceedings on the bail-bond be set aside, on payment of costs.

Rule granted.